Slip Op. 06-59

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORMER EMPLOYEES OF DANA UNDIES, | |
| Plaintiffs, | |
| v. | Court No. 04-00615 |
| | Before: Timothy C. Stanceu, Judge |
| UNITED STATES, | |
| Defendant. | |

## JUDGMENT

On August 5, 2004, a petition for Trade Adjustment Assistance ("TAA") and Alternative Trade Adjustment Assistance ("ATAA") benefits was filed with the United States Department of Labor ("Labor") on behalf of the Former Employees of Dana Undies. Plaintiffs are former employees of the Dana Undies facility located in Colquitt, Georgia. Labor's investigation that followed the filing of the petition revealed that the former employees at other facilities of Dana Undies, located in Blakely and Arlington, Georgia, "were adversely affected by imports" and were certified as eligible to apply for TAA and ATAA benefits. *Notice of Revised Remand Determination* at 1. Labor concluded that the former Dana Undies employees of the Colquitt facility, however, were not eligible for certification because they allegedly were separated more than one year prior to the date of the filing of the petition. *See id.* On September 14, 2004, Labor issued a negative determination regarding those plaintiffs. *See Administrative Record* at 41; *Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance*, 69 Fed. Reg. 60,425, 60,427 (Oct. 8, 2004).

On October 7, 2004, plaintiffs requested an administrative reconsideration of Labor's negative determination. *See Administrative Record* at 55. On October 28, 2004, Labor dismissed plaintiffs' application for administrative reconsideration on the basis that it failed to allege substantial new facts. *See id.* at 56. On December 2, 2004, plaintiffs challenged this determination by filing a summons and complaint and appearing *pro se* before the court.

Labor requested a voluntary remand to investigate the allegation in the amended complaint that "the Georgia Department of Labor, acting as agent of the United States in the administration of the TAA program, advised the employees of the Colquitt plant, during the year following their termination, that they could not file a petition for TAA and, thus, prevented the employees from filing a petition during the statutorily required period." *Notice of Revised Determination on Remand* at 2-3; *Am. Compl.* ¶¶ 7, 8, 9, 11. On June 14, 2005, the court granted Labor's consent motion for a voluntary remand. On September 19, 2005, Labor filed its *Notice of Revised Determination on Remand*.

During the course of the remand investigation, Labor found that there existed a "series of miscommunications" between all the parties involved. Specifically, "the Colquitt employees were led to believe they would not be eligible for TAA benefits." *Notice of Revised Determination on Remand* at 4. Therefore, Labor determined that it was appropriate to investigate whether the former employees of the Colquitt facility are eligible for certification to apply for TAA and ATAA benefits. Labor further determined that the Colquitt facility separated a significant number of workers and shifted its production of infant and toddler underwear from the Colquitt facility to China and Thailand. *Id.* at 5. Moreover, Labor determined that "company imports were likely to increase" and did increase upon the closure of the Colquitt facility. *Id.* at 5. In accordance with these determinations, Labor concluded that plaintiffs are eligible to apply for TAA and ATAA benefits. *See id.* at 6. In their comments, plaintiffs stated their satisfaction with the *Notice of Revised Determination on Remand*.

Upon consideration of Labor's *Notice of Revised Determination on Remand*, plaintiffs' comments, and other papers and proceedings filed herein, it is hereby

**ORDERED** that Labor's determination that plaintiffs are eligible to apply for TAA and ATAA benefits is supported by substantial evidence and is otherwise in accordance with law; and it is further

**ORDERED** that Labor's *Notice of Revised Determination on Remand* filed on September 19, 2005, is affirmed in its entirety; and it is further

**ORDERED** that this case is dismissed.


                                                              /s/ Timothy C. Stanceu
Dated:  April 25, 2006                                        Timothy C. Stanceu
        New York, New York                                   Judge